UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Heidi Howe,<br><br>　　　Plaintiff<br><br>v.<br><br>Washoe County Sheriff's Office through Washoe County; Chuck Allen, individually and in his capacity as Washoe County Sheriff; and Does 1–10,<br><br>　　　Defendants | Case No. 3:18-cv-471-HDM-WGC<br><br>**Order Granting Motion to Dismiss** |

　　Defendants Washoe County Sheriff's Office and Chuck Allen move to dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiff Heidi Howe responded, and Defendants replied. Howe concedes that claims against Defendant Allen, in his individual capacity, are "unnecessary." ECF 13 at 27 n.3. The Court finds and concludes that Howe's first, third, and fourth causes of action are time-barred. The Court, in its discretion, elects to not exercise supplemental jurisdiction over Howe's second cause of action.

## A. Background[1]

This case arises from an employment relationship between Howe and the Washoe County Sherriff's Office. She started there in 1991. In 2005 and 2009, she sought relief at the EEOC for alleged gender discrimination, sexism, and unfair treatment. The first EEOC case ended in an arbitration in her favor. And the second EEOC case ended in a settlement.

The events that followed the revelations of those actions constitute the basis for the current suit. The most recent discrete act of alleged retaliation or a sexually hostile work environment occurred on April 14, 2016, when Howe was not promoted to Chief Deputy. *See* ECF 13 at 11; ECF 1 at 12. Howe reported that act by filing an intake questionnaire with the EEOC on February 3, 2017, as well as a charge with NERC on March 29, 2017.

This case followed.

## B. Discussion

When considering a motion to dismiss for failure to state a claim, courts must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). The motion's purpose is to test only "the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Thus, courts may grant the motion only if the plaintiff would not be entitled to relief under any set of facts that could be proved in support of the claim. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

Defendants move to dismiss Howe's four causes of action: retaliation under Title VII, gender discrimination and hostile work environment under Title VII, negligent supervision and training, and breach of contract. The Court discusses each claim in turn.

---

[1] These facts come from Howe's complaint. They are not the Court's findings.

### 1. First and Third Causes of Action: Title VII Claims

To commence a Title VII claim, the plaintiff must file a charge with the EEOC within 180 days—or, if the plaintiff "initially instituted proceedings" with a state agency having authority to seek relief from unlawful employment practices, within 300 days—after the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1); *see Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1174 (9th Cir. 1999). Nevada has such an agency: the Nevada Equal Rights Commission (NERC). However, for the 300-day period to apply, a plaintiff must have "initially instituted proceedings" with NERC; if that did not happen, the 180-day period applies. *See Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1106 & n.2 (9th Cir. 2018).

#### a. First Cause of Action: Retaliation

Howe first filed an intake questionnaire with the EEOC 295 days after the alleged act of retaliation. *See Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 404–06 (2008) (noting that intake questionnaires may be construed as charges). Because Howe did not begin proceedings with NERC, the 180-day period applies. Therefore, any claim based on that questionnaire is beyond Title VII's time limits. Second, she filed a charge with NERC 349 days after the alleged act of retaliation. Because Howe began proceedings with NERC, the 300-day period applies. Therefore, any claim based on retaliation is also time-barred. Neither of Howe's charges falls within Title VII's time limits (and Howe does not argue for tolling). Accordingly, the Court will dismiss Howe's first cause of action with prejudice.

#### b. Third Cause of Action: Gender Discrimination and Hostile Work Environment

Howe's third cause of action is also time-barred. An unlawful employment practice, formed by a series of non-discrete acts, can support a hostile work environment claim even if some of the non-discrete acts fall outside Title VII's time limits. *National R.R. Passenger Corp. v.*

*Morgan*, 536 U.S. 101, 113 (2002) (noting also, however, that time-barred discrete acts are not actionable). However, to survive dismissal, at least one of the non-discrete acts must fall within the time limits. *See Porter v. California Dep't of Corr.*, 419 F.3d 885, 891–94 (9th Cir. 2005). Howe asserts that the most recent act, in the "timeline of the ongoing severe and pervasive employment actions she was regularly and consistently subjected to for literally years," was either on April 14, 2016, or April 20, 2016. ECF 13 at 11; *see* ECF 1 at 12. Whether the alleged act on those dates are non-discrete is non-dispositive because both alleged acts fall outside Title VII's time limits. Therefore, because no non-discrete act falls within Title VII's time limits, the Court will dismiss Howe's third cause of action with prejudice.

**2. Fourth Cause of Action: Negligent Supervision and Training Claim**

Howe concedes that this claim is untimely and stipulates to its dismissal. ECF 13 at 20. Therefore, the Court will dismiss this claim with prejudice.

**3. Second Cause of Action: Breach of Contract Claim**

This is a supplemental state claim, and the Court lacks original jurisdiction over this claim. Because the Court is dismissing all the federal claims, it elects in its discretion to decline supplemental jurisdiction over Howe's second cause of action. *See* 28 U.S.C. § 1367; *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). The dismissal is without prejudice.

The Court declines to consider the other grounds for dismissal that Defendants argue in their motion to dismiss.

**C. Conclusion**

For the above reasons, Defendants' motion to dismiss is GRANTED as to (1) Howe's first, third, and fourth causes of action with prejudice and (2) Howe's second cause of action without

prejudice. As to Defendant Allen, all claims against him in his individual capacity are dismissed with prejudice.

The Clerk of Court shall file a judgment in favor of Defendants and against Plaintiff in accordance with this order.

IT IS SO ORDERED.

Dated: April 9, 2019

_____
Howard D. McKibben
Senior U.S. District Judge