UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HEIDI HOWE, | Case No. 3:18-cv-00471-HDM-WGC |
| Plaintiff, | ORDER |
| v. | |
| WASHOE COUNTY SHERIFF'S OFFICE; CHUCK ALLEN, | |
| Defendants. | |

Plaintiff Heidi Howe initiated this action on October 3, 2018, with the filing of a complaint asserting four claims: (1) Title VII retaliation; (2) breach of contract; (3) Title VII hostile work environment; and (4) negligent supervision and training. (ECF No. 1). The defendants moved to dismiss the complaint on several grounds. In relevant part, they argued that the plaintiff's Title VII claims were time barred because she did not timely file her Equal Employment Opportunity Commission ("EEOC") charge, that her negligent training and supervision claim was also untimely, and that the plaintiffs' Title VII and breach of contract claims against Allen in his official and individual capacity should be dismissed. (ECF No. 11). The plaintiff, in opposition, conceded her negligent training claim was not timely and stipulated to the claim's dismissal. The plaintiff also conceded that she did not

1

1  intend to hold Allen liable in his individual capacity. (ECF No.

2  13).

3       The court granted the motion to dismiss, concluding that the

4  plaintiff's Title VII claims were time-barred because her EEOC

5  charge was not filed within 180 days of the alleged discriminatory

6  conduct and her Nevada Equal Rights Commission ("NERC") charge was

7  not filed within 300 days of the alleged discriminatory conduct.

8  The court also dismissed, pursuant to the plaintiff's stipulation,

9  her negligent training and supervision claim and the claims against

10 Allen in his individual capacity. (ECF NO. 16).

11      The Ninth Circuit reversed on appeal. The court concluded

12 that because Nevada has its own Fair Employment Practice Agency

13 and a workshare agreement with the EEOC, the plaintiff had at least

14 240 days and -- if NERC waives the 60-day deferral period -- up to

15 300 days to file her charge with either agency. (ECF No. 21 at 2).

16 As the plaintiff initiated EEOC proceedings 295 days after the

17 latest alleged discriminatory action, the plaintiff's Title VII

18 claims would be timely only if NERC has waived the 60-day deferral

19 period. The Court of Appeals therefore remanded for consideration

20 of the state's workshare agreement and whether NERC waives the 60-

21 day deferral period. (ECF No. 21).

22      Following remand, the defendants filed another motion to

23 dismiss (ECF No. 24). The plaintiff has opposed (ECF No. 32), and

24 the defendants have replied (ECF No. 29).

25      In their briefs, neither side has addressed the issue posed

26 by the Court of Appeals on remand.  Accordingly, the court will

27 reserve on that issue until any motion for summary judgment is

28 filed.

2

1    In the second motion to dismiss, the defendants raise numerous

2  arguments, most of which are more appropriately raised and

3  considered on summary judgment. However, on the basis of the

4  plaintiff's concessions, and because the Ninth Circuit's opinion

5  does not mandate a different result, the court will again dismiss

6  the plaintiff's negligent training and supervision claim and the

7  claims asserted against Allen in his individual capacity. As to

8  all remaining claims, the motion to dismiss will be denied without

9  prejudice to renew as a motion for summary judgment following the

10 close of discovery.

11   In accordance with the foregoing, IT IS THEREFORE ORDERED

12 that the defendants' motion to dismiss (ECF No. 24) is GRANTED IN

13 PART and DENIED IN PART.  The motion to dismiss the claims against

14 defendant Allen in his individual capacity is GRANTED. The motion

15 to dismiss the plaintiff's fourth cause of action for negligent

16 training and supervision is GRANTED. In all other respects, the

17 motion is DENIED WITHOUT PREJUDICE to renew as a motion for summary

18 judgment at the close of discovery.

19   IT IS SO ORDERED.

20   DATED: This 23rd day of October, 2020.

21

22   _____

23   UNITED STATES DISTRICT JUDGE

24

25

26

27

28

3